

FILED
JAN 2 2 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>  Plaintiff,<br><br>  v.<br><br>Manuel Esteban RODRIGUEZ-Romero(1)<br><br>Alex Geovani URIAS-Luna (2)<br><br>  Defendants | ) Mag. Case No. '08 MJ 8045<br>) <u>COMPLAINT FOR VIOLATION OF:</u><br>)<br>) Title 8, U.S.C., Section 1324<br>) (a)(1)(A)(ii) -Illegal Transportation of<br>) Alien(s)<br>)<br>)<br>)<br>) |

The undersigned complainant, being duly sworn, states:

On or about January 18, 2008, within the Southern District of California, defendants Manuel Esteban RODRIGUEZ-Romero and Alex GeovaniURIAS-Luna, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that aliens, Ruben CANIL-Xiloj, Amaida CANIL-Xiloj and Marvin CANIL-Xiloj had come to, entered or remained in the United States in violation of law, did transport or move, said aliens within the United States in furtherance of such violation of law; in violation of Title 8, United States Code, Section 1324(a)(1)(A)(ii).

And the complainant states that this complaint is based on the attached statement of facts which, is incorporated herein by reference.

_____
Senior Border Patrol Agent

SWORN TO BEFORE AND SUBSCRIBED IN MY PRESENCE THIS 22nd DAY OF JANUARY 2008.

_____
Peter C. Lewis
United States Magistrate Judge

I, Senior Border Patrol Agent Michael Mikuski declare under penalty of Perjury, the following is true and correct:

# PROBABLE CAUSE STATEMENT

The complainant states that this complaint is based upon statements in the investigative reports by the apprehending Border Patrol Agent S. Carter. On January 17, 2008, the defendants were apprehended near Calexico, California as they smuggled (8) eight undocumented aliens from Mexico into the United States in violation of law.

At approximately 6:00 P.M. Agent J. Vega-Torres was operating the remote video surveillance system for the Calexico Border Patrol Station. Agent Vega-Torres observed a group if individuals illegally enter into the united States from Mexico approximately 10 miles east of Calexico California. Agent Vega-Torres reported this to other agents in the area.

Agent S. Carter was in the area and able to observed the group traveling north. Agent Carter could clearly see a male, later identified as Alex Geovani URIAS-Luna guiding the group. Agent Carter could see URIAS was wearing a black hooded sweatshirt with writing on the front and talking on a cellular phone. Agent Carter later observed a van stop near where the group had stop to wait. Agent Carter observed the group board the van and drive away. Agents M. Hernandez and S. Sedano were able to follow the van. Using the emergency lights and sirens on their Border Patrol Vehicles, both agents attempted to stop the van. The driver of the van, later identified Manuel Esteban RODRIGUEZ-Romero, failed to yield for the agents. A controlled tire deflation device was successfully deployed on the van, but still did not stop. When the van finally stopped Agent Sedano drove alongside the can and observed RODRIGUEZ still seated in the driver's seat. Agents were able to make contact with all the occupants of the van and questioned them. It was determined RODRIGUEZ is a citizen of Mexico with a visa to enter the United States, URIAS was determined to be a citizen of Mexico illegally in the United States. The other occupants were all determined to be citizens of counties other than the United States and are all in the United States illegally. RODRIGUEZ, URIAS and the others were arrested.

At the station, Agent M. Sandoval witnessed Agent N. Atiles read RODRIGUEZ his rights per Miranda. RODRIGUEZ stated he did pick up the illegal aliens and did try to get away form the Border Patrol. RODRIGUEZ stated a man named "Blais" was going to pay him $100 to pick up the illegal aliens. RODRIGUEZ stated he met the man in Calexico and the man gave him the van and instructions on where to go. RODRIGUEZ stated he drove fast until someone popped his tires but he still didn't stop.

Agent M. Sandoval witnessed Agent N. Atiles read URIAS his rights per Miranda. URAIS stated he was going to get paid $60 per smuggled alien. URIAS stated he was guiding eight aliens illegally into the United States. URIAS stated he was signaling and telling the aliens where to go. URIAS stated he was in contact with both the smuggler and the driver of the van. URIAS stated that he has been the guide for groups illegally entering into the United States before. URIAS positively identified photo number 1, RODRIGUEZ, from photo line-up number one as the driver of the van.

Material witnesses Ruben CANIL-Xiloj, Amaida CANIL-Xiloj and Marvin CANIL-Xiloj stated they made arrangement with a smuggler in Mexico to pay a fee of $2,500 to be smuggled illegally into the United States.

Marvin CANIL-Xiloj stated the guide, URIAS, stayed in front of the group and had a cellular phone. CANIL stated URIAS told them to follow him and he had already successfully made it. CANIL stated URIAS called someone and told them they were ready to be picked up. CANIL stated the driver told everyone to jump out of the vehicle. Ruben CANIL-Xiloj and Amaida CANIL-Xiloj made similar statements.

Material witnesses Ruben CANIL-Xiloj, Amaida CANIL-Xiloj and Marvin CANIL-Xiloj all positively identified photo number 2, URIAS, from photo line-up number 2 as the guide who guided them into the United States. Amaida CANIL-Xiloj and Marvin CANIL-Xiloj both positively identified photo number 1, RODRIGUEZ, from photo line-up number 1 as the driver of the van. Ruben CANIL-Xiloj identified the driver as a male.

The complainant states that the names of the Material Witnesses are as follows:

| NAME | PLACE OF BIRTH |
|---|---|
| Ruben CANIL-Xiloj | Mexico |
| Amaida CANIL-Xiloj | Mexico |
| Marvin CANIL-Xiloj | Mexico |

Further, complainant states that Ruben CANIL-Xiloj, Amaida CANIL-Xiloj and Marvin CANIL-Xiloj are citizens of a country other than the United States; that said aliens have admitted that they are deportable; that their testimony is material, that it is impracticable to secure their attendance at the trial by subpoena; and they are material witnesses in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.

Executed on January 19, 2008, at 1:15 P.M.

Michael Mikuiski
Senior Border Patrol Agent

On the basis of the facts presented in the probable cause statement consisting of 2 pages, I find Probable Cause to believe that the defendant named in this Probable Cause Statement committed the offense on January 17, 2008 in violation of Title 8, United States Code, 1324 and Title 18 USC.

Jan M. Adler
United States Magistrate Judge

1/19/08 @ 2:04 pm
Date and Time